No. 954          December 26, 2024          173

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT PATRICK BRAZINGTON,
*Defendant-Appellant.*

Washington County Circuit Court
22CR55555; A181370

Miranda Summer, Judge.

Submitted November 19, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Joel Duran, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kyleigh Gray, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and DeVore, Senior Judge.

KAMINS, J.

Remanded for entry of judgment reflecting acquittal of harassment; otherwise affirmed.

**KAMINS, J.**

Defendant appeals a judgment convicting him of fourth-degree assault for the conduct of hitting his grandmother, R, with a spatula, and dismissing a charge of harassment. He assigns three errors: (1) the trial court erred in admitting testimony of a police detective, which defendant argues constituted impermissible vouching; (2) the trial court erred in denying his motion for a judgment of acquittal (MJOA) as to the charge of fourth-degree assault; and (3) the trial court erred in its judgment, which stated that his harassment charge was "dismissed" rather than "acquitted."

As explained below, we reject defendant's first two assignments of error, but we agree that the trial court erred in its judgment dismissing the harassment charge rather than acquitting defendant of that charge. Consequently, we reverse and remand for the entry of a judgment reflecting an acquittal of the harassment charge. We otherwise affirm.

In his first assignment of error, defendant contends that the police detective's testimony constituted vouching because it contradicted defendant's claim that the spatula accidentally slipped out his hands while he was throwing his arms up in frustration after a heated argument with his grandmother. However, in context, it is clear that the detective's statements did not comment on defendant's credibility; rather his statements were in response to questions about how he formed probable cause, and about his observations during his investigation. The detective's answer relayed his opinion based on those observations—which included defendant's and R's versions of the events that occurred, the weight of the spatula, the trajectory of the spatula, and the severity of R's injury. *Cf. State v. Lowell*, 249 Or App 364, 366-67, 277 P3d 588, *rev den*, 352 Or 378 (2012) (explaining that the detective's testimony that he did not think the defendant "'was being very honest and upfront'" and that, based on the detective's training and experience, defendant's statements indicated that he is someone who "'is not being truthful'" constituted vouching). Consequently, we conclude that the trial court did not err in admitting the detective's testimony.

In his second assignment of error, defendant argues that the trial court erred in denying defendant's MJOA on the fourth-degree assault charge, based on a lack of evidence that he acted recklessly. *See* ORS 163.160(1)(a) ("A person commits the crime of assault in the fourth degree if the person * * * recklessly causes physical injury to another[.]"). "In reviewing the trial court's denial of an MJOA, we view the facts in the light most favorable to the state, drawing all reasonable inferences in the state's favor." *State v. Leake*, 325 Or App 1, 3, 527 P3d 1054, *rev den*, 371 Or 476 (2023).

Defendant argues that "[m]aking the recklessness connection between defendant raising his arms while holding the spatula and injuring [R] * * * required too great an inferential leap," in part, because R initially told the detective that she saw defendant throw the spatula, but during trial, she testified that she did not see him throw the spatula.

The trial court did not err; the state put on evidence from which a factfinder could reasonably infer that defendant recklessly caused R's injuries. Defendant and R were in a heated argument, and defendant went near the living room with the spatula in his hand, standing about 15 feet away from R. Defendant called R "a liar," and she was then hit with the spatula. Although R's testimony did contradict her prior statements to the detective, the record contains evidence that she did see defendant throw the spatula and that she mimicked defendant's throwing motion. And the spatula hit R with enough force to cause a cut requiring six stitches. Given those circumstances, a rational factfinder could find beyond a reasonable doubt that defendant recklessly caused R's physical injury. *See* ORS 161.085(9) ("'Recklessly' * * * means that a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists.").

In his third assignment of error, defendant argues (and the state correctly concedes) that the trial court erred in stating in a judgment that the harassment charge was "dismissed" rather than "acquitted." The trial court determined that there was insufficient evidence to support the harassment charge and acquitted defendant. Therefore, the judgment should have reflected that defendant was acquitted of

the harassment charge. *See State v. Dikeos*, 330 Or App 698, 722, 544 P3d 1020, *rev den*, 372 Or 718 (2024) (reversing and remanding the trial court's judgment because it inaccurately "entered a judgment of dismissal instead of an acquittal"). We reverse and remand to the trial court to correct that error.

Remanded for entry of judgment reflecting acquittal of harassment; otherwise affirmed.